# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Tony D. Winters,
    Petitioner,

vs.                                        Case No. 1:06cv428
                                            (Dlott, J.; Hogan, M.J.)

Jeffrey Wolfe,
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Noble Correctional Institution in Caldwell, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court for ruling on respondent's motion to dismiss (Doc. 5), petitioner's memorandum in opposition to the motion to dismiss (Doc. 6), respondent's reply thereto (Doc. 7), petitioner's rebuttal to respondent's reply, which also includes a "Motion To Exercise His Constitutional Right To Redress His Grievances Against The State Of Ohio For Constitutional Violations" (Docs. 8, 9),[1] and petitioner's submission regarding supporting case-law (Doc. 10).

---

[1] The two pleadings docketed as Doc. 8 and Doc. 9 are duplicate copies of petitioner's rebuttal memorandum and motion to exercise his constitutional rights.

**Background**

On November 29, 2000, the Clermont County, Ohio, grand jury indicted petitioner in Case No. 2000-CR-00538 on one count of driving while under the influence of alcohol or drugs in violation of Ohio Rev. Code § 4511.19(A)(1). (Doc. 5, Ex. A). Petitioner pleaded guilty to the charge and, on May 24, 2001, was sentenced, among other things, to a mandatory sixty-day term of incarceration and five years of community control. (*See id.,* Exs. B-C, V). Petitioner was informed that if he violated any of the terms of his sentence, "more restrictive sanctions, longer control sanctions, or a prison term of up to <u>thirty (30) months</u>" would be imposed. (*Id.,* Ex. C) (emphasis in original).

Respondent states that while on community control, petitioner was arrested for operating a motor vehicle while intoxicated. (Doc. 5, Brief, p. 3; *see also id.,* Ex. D, p. 2). On October 18, 2002, the trial court revoked petitioner's community control sanction and imposed a thirty (30) month prison sentence. (*Id.,* Ex. D).

Soon thereafter, on November 6, 2002, the Clermont County grand jury issued another indictment against petitioner in Case No. 2002-CR-00695 charging him with one count of driving while under the influence of alcohol or drugs in violation of Ohio Rev. Code § 4511.19(A)(1). (*Id.,* Ex. J). On November 27, 2002, petitioner pleaded guilty to the charge, and on January 2, 2003, was sentenced to a five (5) year prison term to be served consecutively to the thirty-month sentence imposed on October 18, 2002 in Case No. 2000-CR-00538. (*Id.,* Exs. K-L, W).

With the assistance of counsel from the Clermont County Public Defender's Office, petitioner timely appealed his conviction and sentence in Case No. 2002-CR-00695 to the Ohio Court of Appeals, Twelfth Appellate District. (*See id.,* Ex. M). He asserted as assignments of error that: (1) the trial court erred under state law in imposing the maximum sentence; and (2) the trial court erred under state law in sentencing petitioner to serve consecutive terms of imprisonment. (*Id.,* Ex. N). On December 1, 2003, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.,* Ex. P). Petitioner apparently did not appeal further to the Ohio Supreme Court. (*See id.,* Brief, p. 4).

On September 5, 2003, while his direct appeal was pending from his conviction and sentence in Case No. 2002-CR-00695, petitioner filed a *pro se* notice of appeal and motion for leave to file a delayed appeal to the Ohio Court of Appeals, Twelfth

Appellate District, in both Case No. 2000-CR-00538 and Case No. 2002-CR-00695.[2] (*Id.,* Exs. E, G). In an attached affidavit, petitioner claimed as "cause" for his delay in filing that he was denied his constitutional right of appeal when his court-appointed counsel filed a timely notice of appeal on January 30, 2003 but failed to pursue the appeal further. (*Id.,* Ex. F). Petitioner stated:

> I thought that since he was my attorney at the time[,] I could rel[y] on him to p[er]fect the appeal that he said he would file[.] [H]e also stated that he would get in touch with me and never has[.] If I would have know[n] he never pursued the appeal[,] I would have Pro Se . . . ask[ed] this Honorable Court to appoint new counsel[.] I should not be held liable for counsel[']s failure to p[er]fect this appeal.

(*Id.*)

On September 26, 2003, the Ohio Court of Appeals dismissed this appeal with prejudice. (*Id.,* Ex. I). The court reasoned that an appeal in Case No. 2000-CR-00695 was already pending before it and went on to deny petitioner's motion for leave to file a delayed appeal from his conviction and sentence in Case No. 2000-CR-00538. (*Id.*).

Petitioner took no further action to challenge his convictions or sentences in Case Nos. 2000-CR-00538 and 2002-CR-00695 until April 3, 2006, when he filed a *pro se* petition for writ of habeas corpus with the Ohio Supreme Court. (*Id.,* Ex. T). In this petition, petitioner claimed for the first time that his sentences in the two cases were imposed in violation of *Apprendi v. New Jersey,* 530 U.S. 466 (2000), *Blakely v. Washington,* 542 U.S. 296 (2004), and *United States v. Booker,* 543 U.S. 220 (2005), as recognized by the Ohio Supreme Court in *State v. Foster,* 845 N.E.2d 470 (Ohio 2006). (*Id.*). On May 24, 2006, the Chief Justice of the state supreme court *sua sponte* dismissed the petition without opinion. (*Id.,* Ex. U).

---

[2]On February 21, 2003, petitioner also filed *pro se* motions in the Clermont County Common Pleas Court requesting the appointment of counsel, an evidentiary hearing and discovery for the purpose of filing a motion under Ohio R. Crim. P. 32.1 to withdraw his pleas in combined Case Nos. 2000-CR-00538 and 2002-CR-00695. (Doc. 5, Exs. Q-S). Although it is unclear when the trial court ruled on these motions, petitioner states in the petition that his post-conviction motions were "dismissed/denied" in 2004. (Doc. 1, pp. 4-5). The last entry filed by the trial court in the challenged criminal cases was on June 2, 2004. (*See* Doc. 5, Exs. V, W).

Soon thereafter, petitioner commenced the instant federal habeas corpus action. The petition, which was stamped as "filed" on June 27, 2006 by the Clerk of Court in the Eastern Division of the Southern District of Ohio,[3] contains petitioner's declaration that the petition was placed in the prison mailing system on June 12, 2006. (Doc. 1, pp. 2, 15). Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). Therefore, absent evidence to the contrary and in accordance with petitioner's declaration, it appears the petition was delivered to prison authorities for mailing and thus "filed" on June 12, 2006.

In the petition, petitioner asserts three grounds for relief. He claims in Ground One that he was sentenced to an aggregate prison term of 7.5 years in violation of his constitutional rights under the Sixth Amendment and the Fourteenth Amendment's Due Process and Equal Protection Clauses based on additional findings made by the "trial court alone." (Doc. 1, p. 6). In Ground Two, petitioner alleges that he has been denied meaningful review of his constitutional claim, because only those defendants whose appeals were pending on direct review when *Foster* was decided on February 27, 2006 were able to obtain relief "from the now admitted constitutional violations that took place . . . under 1996's S.B. 2." (*Id.,* p. 7).

The claim alleged in Ground Three is difficult to decipher. However, it appears that petitioner essentially is claiming that prior to *Foster,* Ohio failed to provide relief to prisoners such as himself who were sentenced in accordance with statutory provisions later determined to be unconstitutional under the Sixth Amendment; petitioner further appears to contend that the state supreme court in *Foster* violated various constitutional provisions by requiring the re-sentencing of defendants whose appeals were pending at the time *Foster* was decided. (*Id.,* pp. 9-9a).

In response to the petition, respondent has filed a motion to dismiss the petition

---

[3]By Order entered June 29, 2006, the case was transferred to this Court, located in the Western Division of Ohio's southern federal judicial district, for all further proceedings. (*See* Doc. 2).

4

on the ground that it is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 4). Petitioner opposes the motion and has moved "to exercise his constitutional right to redress his grievances." (Docs. 6, 8-10).

## OPINION

### A.  The Claim Alleged In Ground One Of The Petition Challenging Petitioner's Sentences Is Time-Barred

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of:  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, the Court must first determine which limitations provision contained in 28 U.S.C. § 2244(d)(1) applies to petitioner's grounds for relief. Respondent argues that petitioner's claims accrued before petitioner's conviction became "final" by the conclusion of direct review or expiration of time for seeking such review; therefore, it is respondent's position that the statute of limitations set forth in § 2244(d)(1)(A) applies. (Doc. 5, Brief, pp. 7, 9-10). In contrast, petitioner argues that his claims for relief arose much later, after *Foster* was decided on February 27, 2006. (*See* Doc. 6). Essentially, petitioner suggests that his claims are governed by a different provision as set forth in § 2244(d)(1)(C) or (D), which served to delay

5

the date that the statute of limitations commenced running by over three years.[4]

Contrary to respondent's contention, it appears that some of petitioner's claims for relief could not have accrued before petitioner's conviction became "final" and, therefore, are not governed by the limitations provision set forth in § 2244(d)(1)(A). Specifically, the claim alleged in Grounds Two and Three that Ohio has failed to provide meaningful review of *Apprendi, Blakely* and *Booker* claims for those prisoners sentenced under the unconstitutional statutes, but whose direct appeals had concluded before *Foster* was decided, did not arise until the *Foster* decision came out on February 27, 2006 extending its applicability only to prisoners whose appeals were then still pending on direct review. Moreover, to the extent petitioner alleges in Ground Three that *Foster* is unconstitutionally applied to defendants whose direct appeals were pending at the time *Foster* was decided, such claim also could not have arisen before the *Foster* decision was issued in February 2006. Because the factual predicate of the claims alleged in Grounds Two and Three could not have been discovered until February 2006, those claims are governed by 28 U.S.C. § 2244(d)(1)(D) and are timely.

On the other hand, contrary to petitioner's position, § 2244(d)(1)(D) does not govern petitioner's claim alleged in Ground One challenging the sentences that were imposed on October 18, 2002 in Case No. 2000-CR-00538 and on January 2, 2003 in Case No. 2002-CR-00695. When he was sentenced on January 2, 2003 in Case No. 2002-CR-00695 to a consecutive maximum term of imprisonment for an aggregate term of 7.5 years, petitioner was aware that additional findings were required to be made by the trial court before such sentence could be imposed. (*See* Doc. 5, Ex. L). Therefore, the factual predicate underlying petitioner's claim was discoverable in the exercise of due diligence at the time petitioner was sentenced in Case No. 2002-CR-00695.[5]

---

[4]It is noted that neither party has alleged facts even remotely suggesting that the instant petition may be governed by 28 U.S.C. § 2244(d)(1)(B), which is applicable to cases involving an impediment to filing created by state action in violation of the Constitution or laws of the United States Therefore, the limitations provision set forth in § 2244(d)(1)(B) does not apply to the case-at-hand.

[5]Indeed, petitioner himself has contended that the legal basis for this claim had already been established by the Supreme Court in its 2000 *Apprendi* decision. (*See* Docs. 8, 9, p. 4). Therefore, to the extent that petitioner argues his sentences were imposed in violation of

6

To the extent petitioner contends the claim alleged in Ground One is governed by § 2244(d)(1)(C) because it is based on the subsequent *Blakely, Booker* and *Foster* decisions, it must be established that the legal basis for relief established in those cases was "newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review."

Here, petitioner was sentenced, respectively, in October 2002 and January 2003, and the direct review proceedings had concluded in 2003, long before the Supreme Court decided *Blakely* on June 24, 2004, followed by *Booker* on January 12, 2005. It is well-settled in the Sixth Circuit that neither *Blakely* nor *Booker* may be applied retroactively to cases on collateral review, where as here the conviction previously had become final by the conclusion of direct review. *See, e.g., United States v. Saikaly,* 424 F.3d 514, 517 & n.1 (6th Cir. 2005) (and supporting cases from other circuit courts cited therein); *Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir.), *cert. denied,* 126 S.Ct. 199 (2005); *Spiridigliozzi v. United States,* 117 Fed.Appx. 385, 394 (6th Cir. Nov. 15, 2004) (not published in Federal Reporter). *Cf. Hanna v. Jeffreys,* No. 2:05cv727, 2006 WL 462357, at *6 (S.D. Ohio Feb. 22, 2006) (King, M.J.) (Report & Recommendation) (unpublished) (holding that "§ 2244(d)(1)(C) does not serve to delay the date the statute of limitations began to run as to petitioner's claim that his sentence violates *Blakely* . . . because *Blakely* is not retroactively applicable to cases on collateral review"), *adopted,* 2006 WL 689060 (S.D. Ohio Mar. 26, 2006) (Graham, J.) (unpublished).

The cases cited by petitioner as supporting his claim for relief under *Blakely* (*see* Doc. 10)–*Emrick v. Wolfe,* No. 2:05cv1057, 2006 WL 3500005 (S.D. Ohio Dec. 5, 2006) (unpublished), and *Friley v. Wolfe,* No. 2:05cv396, 2006 WL 3420209 (S.D. Ohio Nov. 27, 2006) (unpublished)–are inapposite because, contrary to the case-at-hand, in both those cases the petitioner's conviction had not become final by the conclusion of direct review by the time *Blakely* was decided. *See also Allen v. Moore,* 1:05cv731, 2007 WL 651248, at *4 & n.1 (S.D. Ohio Feb. 23, 2007) (Barrett, J.) (unpublished) (noting that *Blakely* applied in case where the petitioner was sentenced pre-*Blakely*, but his direct appeal was still pending when the *Blakely* decision was

---

*Apprendi,* such claim also was discoverable in the exercise of due diligence at the time petitioner was sentenced on October 18, 2002 in Case No. 2000-CR–00538 and on January 2, 2003 in Case No. 2002-CR-00695.

7

filed).[6]

In addition, petitioner cannot rely upon *Foster* to delay the limitations period under § 2244(d)(1)(C). *Foster* was not decided by the United States Supreme Court. In any event, in *Foster,* the Ohio Supreme Court expressly stated that its decision extended only to cases still pending on direct review. *Foster,* 845 N.E.2d at 499. Because petitioner's direct review proceedings had concluded over three years earlier, petitioner is unable to prevail on any claim that *Foster* may be applied retroactively to his case.

Accordingly, the Court concludes, as respondent has contended, that the claim alleged in Ground One is governed by the limitations provision set forth in § 2244(d)(1)(A), which provides that the one-year statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review. (*See* Doc. 4, Brief, pp. 5-6). In this case, the statute of limitations commenced running at the latest on January 16, 2004, one day after the 45-day period expired in which to file an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' December 1, 2003 decision affirming petitioner's conviction and sentence in Case No. 2002-CR-00695. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). The statute expired one year later on January 16, 2005 unless statutory or equitable tolling principles apply to extend the limitations period.

During this one-year period, petitioner was entitled to the benefits of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2).[7] The tolling provision, however, does not "'revive' the

---

[6]In *Allen, supra,* 2007 WL 651248, at *4 n.1., the court quoted as follows from the Supreme Court's decision in *Beard v. Banks,* 542 U.S. 406, 411 (2004) (in turn quoting *Caspari v. Bohlen,* 510 U.S. 383, 390 (1994)): "State convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely petition has been finally denied.'"

[7]*See also Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir.

8

limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone*, 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

Here, petitioner has stated in the petition that he filed post-conviction motions in the state courts, which were decided in 2004 (Doc. 1, pp. 4-5); according to the state court docket records these motions arguably could have been ruled on as recently as June 2, 2004. (*See* Doc. 5, Exs. V, W). Even assuming, *arguendo,* the post-conviction motions served to toll the limitations period through June 2, 2004, the limitations period was only extended through June 2, 2005. Petitioner did nothing further to challenge his convictions and sentences until April 3, 2006, when he filed his state habeas petition with the Ohio Supreme Court. (*See id.,* Ex. T). That petition, filed ten months after the extended limitations period had run its course, could not serve to toll the limitations period any further under § 2244(d)(2).

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

Before *Pace,* the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

(1) the petitioner's lack of notice of the filing requirement; (2) the

---

1998); *Lovasz v. Vaughn*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).

9

>petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

In this case, petitioner is not entitled to equitable tolling. He has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas petition with this Court or that he is otherwise entitled to equitable tolling under *Dunlap.*

Accordingly, in sum, the Court concludes that the instant petition, "filed" on June 12, 2006, is timely with respect to the claims alleged in Grounds Two and Three that are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(D). However, the claim alleged in Ground One challenging the sentences that were imposed on October 18, 2002 in Case No. 2000-CR-00538 and on January 2, 2003 in Case No. 2002-CR–00695 is governed by a different limitations provision set forth in § 2244(d)(1)(A) and is time-barred. Under § 2244(d)(1)(A), the statute of limitations commenced running on January 16, 2004 and expired at the latest on June 3, 2005 after taking into consideration the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2). Equitable tolling principles do not apply to extend the limitations period in this case.

It is, therefore, **RECOMMENDED** that respondent's motion to dismiss the petition as time-barred (Doc. 5) be **GRANTED** only with respect to the claim alleged in Ground One of the petition challenging the aggregate 7.5 year sentence that was imposed in Clermont County Case Nos. 2000-CR-00538 and 2002-CR-00695.[8]

---

[8]It is noted that even assuming, *arguendo,* Ground One is subject to review on the merits, petitioner is not entitled to relief based on such claim. As discussed above, *see supra* pp. 7-8 & n.6, petitioner's sentences are not subject to constitutional challenge under *Blakely, Booker* or *Foster,* which were decided long after petitioner's convictions and sentences became final.

### B. Petitioner's Remaining Claims Should Be Summarily Dismissed

Although respondent's motion to dismiss focuses solely on the statute of limitations bar to review, under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, the district court has the authority to summarily dismiss a petition on preliminary review "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

In his remaining grounds for relief, petitioner essentially alleges: (1) he was denied meaningful review of his constitutional claim by the Ohio courts, because the *Foster* court refused to extend its holding, striking certain provisions of Ohio's sentencing statutes as unconstitutional under *Blakely* and *Booker,* to defendants whose appeals had concluded before *Foster* was decided on February 27, 2006; and (2) in *Foster,* the Ohio Supreme Court violated various constitutional provisions by requiring the re-sentencing of defendants whose appeals were pending at the time *Foster* was decided. (Doc. 1, pp. 7-9a). None of these claims rise to the level of a cognizable ground for federal habeas relief in this case.

First, petitioner is not entitled to relief to the extent he contends that, as a prisoner sentenced prior to *Foster,* he could not obtain meaningful review in Ohio on his claim that he was sentenced in violation of the Sixth Amendment. As discussed *supra* pp. 7-8 & n.6, p. 10 n.8, petitioner could not have obtained relief on such a claim under the applicable Supreme Court *Blakely/Booker* precedents, because he was sentenced and his direct appeal concluded long before those cases were decided. To the extent petitioner also alleges a violation of *Apprendi*, which was decided in 2000 before he was convicted and sentenced, he is unable to prevail on any claim that he was denied meaningful review when he himself failed to raise any such claim as an assignment of error in the direct review proceedings.

Second, to the extent petitioner contends that the Ohio Supreme Court committed constitutional error in *Foster* by requiring the re-sentencing of defendants whose appeals were pending on the date *Foster* was decided, petitioner did not fall within the class of defendants to whom *Foster* was or could be applied. Therefore, he is not entitled to federal habeas relief based on such a claim.

Accordingly, in sum, the Court concludes that although the claims alleged in Grounds Two and Three of the petition are not time-barred, these remaining claims fail to allege cognizable grounds for federal habeas relief. Because it plainly appears

from the face of the petition that petitioner is not entitled to relief based on such claims, it is **RECOMMENDED** that Grounds Two and Three be summarily **DISMISSED** with prejudice under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254.

### IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 5) be **GRANTED** to the extent that the claim alleged in Ground One of the petition should be **DISMISSED** with prejudice as time-barred under 28 U.S.C. § 2244(d). Petitioner's remaining non-time-barred claims alleged in Grounds Two and Three of the petition should also be **DISMISSED** with prejudice under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

2. Petitioner's "Motion To Exercise His Constitutional Right To Redress His Grievances Against The State For Constitutional Violations" (Docs. 8, 9) be **DENIED.**

3. A certificate of appealability should not issue with respect to any Order adopting this Report and Recommendation to dismiss Ground One of the petition with prejudice on procedural statute of limitations grounds, because under the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not "find it debatable whether this Court is correct in its procedural ruling" or whether the otherwise-barred ground for relief states a "viable claim of the denial of a constitutional right" or is "adequate to deserve encouragement to proceed further." *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983). *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

A certificate of appealability also should not issue with respect to any Order adopting this Report and Recommendation to summarily dismiss petitioner's remaining claims alleged in Grounds Two and Three of the petition with prejudice under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, because petitioner has not made a substantial showing of the denial of a constitutional right in either of these grounds. *See id.*

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be not taken in "good faith"

and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  8/1/2007            s/Timothy S. Hogan
     cbc             Timothy S. Hogan
                         United States Magistrate Judge

J:\BRYANCC\2007 habeas orders\06-428grantmtd.sol-blakely.noncogniz-OhSCt-FosterClaims.wpd

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tony D. Winters,
    Petitioner,

                                    Case No. 1:06cv428
      v.                         (Dlott, J.; Hogan, M.J.)

Jeffrey Wolfe,
    Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. . Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Tony D Winters #438-547<br>Noble Correctional Inst.<br>15708 McConnellsville Rd.<br>Caldwell, OH 43724 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered        ☐ Return Receipt for Merchandise<br>☐ Insured Mail     ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) | ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 0860 0000 1409 6205 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:06cv428  Doc. 11